STATE OF CONNECTICUT *v.* TEEJAY M. JOHNSON
(AC 32675)

Robinson, Keller and Schaller, Js.

618

Argued April 23—officially released June 25, 2013

*Neal Cone,* senior assistant public defender, for the appellant (defendant).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael A. Pepper,* senior assistant state's attorney, for the appellee (state).

*Opinion*

KELLER, J. The defendant, Teejay M. Johnson, appeals from the judgment of the trial court convicting him of criminal possession of a pistol or revolver in

violation of General Statutes § 53a-217c (a) (1)[1] and finding that he violated the terms of his probation.[2] The defendant claims that the court was collaterally estopped from finding him guilty of criminal possession of a pistol or revolver because a jury found him not guilty of two charges arising from the same underlying facts. We affirm the judgment of the trial court.

The record discloses the following relevant facts. In 2009, under docket number CR-09-0090253, the defendant was charged with the crimes of murder in violation of General Statutes § 53a-54a, carrying a pistol without a permit in violation of General Statutes § 29-35 (a), and criminal possession of a pistol or revolver in violation of § 53a-217c (a) (1). All three criminal charges arose from conduct that allegedly occurred on February 20, 2009, in New Haven. Also, under docket number CR-03-0021444, the defendant was charged with having violated the terms of his probation.[3]

[1] To dispel any ambiguity, we observe that the defendant was charged with violating § 53a-217c, which prohibits criminal possession of a pistol or revolver, and the court's judgment file reflects that he was convicted of violating § 53a-217c (a) (1). In argument before this court, the parties repeatedly refer to the offense of which the defendant was convicted as criminal possession of a *firearm*. Likewise, in its decision, set forth below, the court found that the defendant criminally possessed a *firearm*. For purposes of § 53a-217c, "[t]he term 'pistol' and the term 'revolver' . . . mean any firearm having a barrel less than twelve inches in length." General Statutes § 29-27; see also General Statutes § 53a-3 (18). A " '[f]irearm' means any . . . pistol, revolver or other weapon, whether loaded or unloaded from which a shot may be discharged . . . ." General Statutes § 53a-3 (19). Thus, the trial court's reference to criminal possession of a firearm is entirely consistent with its judgment of conviction under § 53a-217c (a) (1). The defendant has not raised any claim in this regard.

[2] As a result of its finding of guilt for criminal possession of a pistol or revolver, the court sentenced the defendant to a term of incarceration of five years. As a result of its finding that the defendant violated the terms of his probation, the court sentenced the defendant to a term of incarceration of six years. The court ordered that the sentences were to run consecutively, resulting in a total effective sentence of eleven years incarceration.

[3] In 2004, the defendant was convicted of aiding and abetting assault in the first degree and received a sentence of ten years imprisonment, execution suspended after four years, followed by three years of probation.

The defendant pleaded not guilty to all three counts and elected a jury trial for the counts of murder and carrying a pistol without a permit. Prior to trial, the defendant orally waived his right to a jury trial with regard to the count of criminal possession of a pistol or revolver, electing for that count to be tried to the court. The defendant's attorney explained that this election was made so that the jury would not hear certain evidence relevant only to that count, namely, that the defendant was a convicted felon. Thereafter, the court canvassed the defendant with regard to this election. The defendant's attorney agreed that the court would hear evidence related to the criminal possession of a pistol or revolver count as well as the violation of probation count "simultaneously" with the presentation of evidence before the jury with regard to the two remaining counts of the information and, upon the completion of the case, render its verdict.

During the defendant's case-in-chief, but outside the presence of the jury, the court conducted an evidentiary hearing in which the parties stipulated that the defendant had been convicted of a prior felony, namely, aiding and abetting assault in the first degree, and had received a sentence of ten years imprisonment, suspended after four years, followed by a three year term of probation. Further, the parties stipulated that the defendant's probation commenced on July 19, 2007, and that one of the terms of his probation was that he was not to violate any criminal law of the state. Otherwise, the court and the jury heard all of the evidence concurrently. After hearing evidence, closing argument and jury instructions, the jury deliberated and found the defendant not guilty of murder and carrying a pistol without a permit. After the court accepted the verdict and ordered that it be recorded, it thanked the jury for its service and excused the jury. The court did not

call a recess after it excused the jury, but immediately engaged in the following colloquy:

"The Court: Now, we have two other matters that still need to be addressed. One is count three of the information, which is criminal possession of a firearm, which was tried to the Court and the violation of probation, which also was tried to the Court.

"Does either counsel want to be heard before I address both of those matters?

"Mr. Pepper [Assistant State's Attorney]: I just believe that there's sufficient evidence to find the defendant guilty of . . . that third count, Judge, and also the [violation of probation].

"The Court: Mr. Kelly.

"Mr. Kelly [Defense Counsel]: I will address in the order, your Honor, it would be logically and legally inconsistent to find my client guilty of the third count in view of the jurors' verdicts in this case where they found my client not guilty of committing a murder by a firearm and found him not to possess a pistol without a permit, so I would ask the Court to enter a not guilty finding on that third count.

"The Court: Okay. Please be seated. Well, obviously this case was primarily an issue of credibility. There were a number of witnesses who came into court and testified that they saw the defendant with a handgun in the parking lot of the Yale Bowl Wine and Liquor Store on February 20, 2009. Mr. Sherman Anderson so testified, as did . . . [Rasheeda] McKnight [who] also testified that she saw the defendant with a handgun and a firearm in the parking lot of the liquor store.

"Now, there was also testimony from Douglas Bethea and Rondsheba Ali that the defendant possessed a firearm inside the apartment at 59 1/2 Derby Avenue on February 20, 2009.

"The jury obviously did not believe those witnesses and found them incredible, but I'm not bound by their determination of credibility since both of these matters were tried to the Court. It's for me to determine whether based upon the evidence I found those witnesses to be credible, and I did.

"I found all four of those witnesses to be credible with respect to their testimony that Mr. Johnson had in his possession a firearm on February 20, 2009, and I also find, since it was stipulated, that he was previously convicted of a felony, and I find that those facts were proved beyond a reasonable doubt. So, I do find Mr. Johnson guilty on the third count of criminal possession of a firearm.

"With respect to the violation of probation, since I have now found him guilty of criminal possession of a firearm, and it [was] previously stipulated that on July 30, 2004, he was convicted of a felony aiding and abetting assault in the first degree, that he was sentenced to a term of incarceration of ten years, suspended after four, with three years of probation. One of the conditions of that probation was that he not violate the criminal law of the state of Connecticut and that probation was commenced on July 19, 2007.

"I find that he was on probation at the time of this offense on February 20, 2009, and I find that the State has proved by a preponderance of the evidence that he violated probation, as a result of his criminal possession of a firearm on February 20, 2009." On a later date, the court conducted the dispositional phase of the violation of probation hearing.

With regard to the criminal possession of a pistol or revolver count, the defendant filed a motion for a new trial or, in the alternative, a motion to vacate the judgment entered as to that count. The defendant asserted therein that the court's finding of guilt "was inconsistent

with the jury's verdicts" on the other criminal charges and that the state failed to prove guilt. Prior to imposing sentence, the court heard argument related to the motion. The defendant's attorney argued that "the [court's] verdict was inconsistent" with those of the jury. Essentially, the defendant argued that, for a variety of reasons, the court should reevaluate its decision to credit the testimony of the four witnesses that it expressly had credited when announcing its finding of guilt. Specifically, the defendant's attorney asked the court to take judicial notice of the fact that one witness, Ali, was sentenced days after the court's ruling for drug related crimes. The state argued that there was ample evidence to support the court's finding. The defendant and the state acknowledged that the court was bound by relevant Supreme Court precedent, namely, *State* v. *Knight*, 266 Conn. 658, 835 A.2d 47 (2003). The court, clarifying its earlier ruling, stated that it had relied on evidence, including forensic evidence, when it decided to credit the testimony of these witnesses.

The court denied the defendant's motion, stating: "[It's] obviously very clear from *State* v. *Knight* that it is appropriate for a trial court to convict [the defendant] based on the evidence that I heard for criminal posses- sion of a firearm, notwithstanding that a jury acquitted him of the charges of murder and carrying a pistol without a permit. [The verdicts] are not legally inconsis- tent because they contain different elements and they're not necessarily factually inconsistent where there are separate finders of fact, as there were in this case. So, that motion is denied under the authority of *State* v. *Knight*."[4] Thereafter, the court took up the matter of sentencing. This appeal followed.

Although, at trial, the defendant argued his claim in terms of an "inconsistency" between the verdict of the

---

[4] On the basis of its ruling, the court denied the defendant's motion to vacate its finding that the defendant had violated the terms of his probation.

jury and that of the court, he now raises an issue under the double jeopardy clause of the federal constitution. He challenges whether, under the circumstances present at trial, the court was collaterally estopped from rendering a guilty verdict as to the criminal possession of a pistol or revolver count after the jury had rendered its not guilty verdict as to the murder and carrying a pistol without a permit counts. The defendant argues that the constitutional issue was litigated at trial and, in the alternative, argues that review is warranted pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "A defendant can prevail on an unpreserved constitutional claim under *Golding* only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two [prongs of *Golding*] involve a determination of whether the claim is reviewable; the second two . . . involve a determination of whether the defendant may prevail." (Citation omitted; emphasis in original, internal quotation marks omitted.) *State* v. *Lavigne*, 307 Conn. 592, 598–99, 57 A.3d 332 (2012). Because a constitutional issue was not distinctly raised below and addressed by the trial court, we will review the claim under *Golding* because the record is adequate for review and the issue is of constitutional magnitude.

We turn to an examination of *Knight*, because we conclude that it is controlling in this case. The defendant in *Knight* was charged with murder, carrying a pistol or revolver without a permit, and criminal possession of a firearm; all of the charges arose from a criminal

incident that occurred on December 8, 1999, in Hartford. *State* v. *Knight,* supra, 266 Conn. 661. The defendant elected a jury trial for the counts of murder and carrying a pistol or revolver without a permit, but waived his right to a jury trial on the criminal possession of a firearm count. Id., 661–62. "At trial, the jury and the trial court heard all of the evidence and arguments concurrently, with the exception of the defendant's prior felonies, which were relevant only to the criminal possession count and thus were heard solely by the trial court outside of the presence of the jury. The jury returned its verdict, finding the defendant not guilty of both murder and carrying a pistol or revolver without a permit. Immediately thereafter, the trial court returned a verdict of guilty on the count of criminal possession of a firearm. The court explained that, in reaching its verdict of guilty on the count of criminal possession of a firearm, it had credited the testimony of Carl McQuillar, a witness for the state who had testified, in the presence of both the trial court and the jury, that he had seen the defendant carrying a pistol on the evening of December 8, 1999." Id., 662.

On a direct appeal from the judgment of conviction, our Supreme Court in *Knight* rejected the defendant's claim, brought under the double jeopardy clause of the federal constitution, that the trial court was collaterally estopped from finding guilt as to the criminal possession count because the jury already had found the facts related to that count in his favor in a *separate* proceeding before a jury, albeit one that occurred simultaneously with the proceeding that was tried before the court. Id., 663. In rejecting the claim, the court explicitly adopted the reasoning of a District of Columbia Court of Appeals decision, *Copening* v. *United States,* 353 A.2d 305 (D.C. App. 1976). *State* v. *Knight,* supra, 266 Conn. 665. Our Supreme Court reasoned: "[T]he proceeding in this case was a single, unified hearing. . . .

The state was given only one opportunity to present its case against the defendant, and the defendant was required to present his case but a single time. Both the jury and the court *simultaneously* were presented with the arguments and the evidence, with the exception of the evidence of the defendant's prior convictions that was withheld from the jury. Moreover, both triers reached their decisions in *simultaneous* deliberations, and those decisions were announced within the same proceeding, with the verdict of the trial court immediately following that of the jury. Accordingly, we conclude that the defendant's criminal trial was a single proceeding, and therefore that the doctrine of collateral estoppel does not apply."[5] (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 665–66. In the present case, as in *Knight*, both the jury and the court simultaneously were presented with the evidence and the arguments of counsel, with the exception of the evidence of the defendant's prior conviction and information relative to his probation status. Both the jury and the court deliberated simultaneously, and their decisions were rendered within the same proceeding, with the court's verdict immediately following that of the jury.

As our Supreme Court noted, the principles of collateral estoppel enunciated in *Ashe* v. *Swenson*, 397 U.S. 436, 443–44, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970), "clearly contemplate a relitigation of factual issues. . . . The existence of a prior judgment has been described as the linchpin of that decision, and subsequent case law has stressed the requirement of a previous trial. . . . [T]he doctrine of collateral estoppel does not apply to the procedurally unique situation in

---

[5] We observe that, in *Knight*, the court also rejected the defendant's claim that the judgment should be reversed because the verdicts of the jury and the trial court were impermissibly inconsistent. *State* v. *Knight*, supra, 266 Conn. 674.

which several criminal charges against the same defendant have been allocated between two triers for concurrent adjudication upon virtually identical evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Knight*, supra, 266 Conn. 664.

Here, the defendant recognizes *Knight*'s preclusive effect on his claim. The defendant is unable to distinguish the present case from *Knight*. The defendant attempts to distinguish the present case from *Knight* by asserting a distinction without a difference. He argues that, in this case, the state delivered two closing arguments, one to the jury and, following the jury's verdict, another to the court. On this ground, the defendant suggests that the verdicts at issue did not arise in a single proceeding, but in successive proceedings.

As a preliminary matter, the court did not afford the parties an opportunity to deliver closing arguments concerning the criminal possession count. Apparently, what the defendant asserts was "a closing argument" by the state occurred when the prosecutor, asked if he wished to be heard, stated, "I just believe that there's sufficient evidence to find the defendant guilty of . . . that third count, Judge, and also the [violation of probation]." Even were we to conclude that this sentence constituted a closing argument, we are not persuaded that it gave rise to a separate proceeding in which the state had a second opportunity to retry an issue of ultimate fact and "hone its presentation on those issues which have already been decided against it." *United States* v. *Bailin*, 977 F.2d 270, 277–78 (7th Cir. 1992). In addition, had the prosecutor mentioned the violation of probation before the jury, the defendant's efforts to prevent the jury from hearing prejudicial information about his prior criminal conviction may have been undermined.

The defendant acknowledges that, insofar as he challenges *Knight*, such a challenge is raised before this

court primarily for the purpose of preserving such claim for further appellate review. To the extent that he urges this court, in some form, to question the correctness of that ruling, we observe that, as an intermediate court of appeal, we are unable to overrule, reevaluate or reexamine controlling precedent of our Supreme Court. See *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010). In accordance with *Knight*, we conclude that the defendant has failed to demonstrate that a constitutional violation clearly exists and clearly deprived him of a fair trial. The claim fails under *Golding*'s third prong.

The judgment is affirmed.

In this opinion the other judges concurred.